CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

7/20/2023

LAURA A. AUSTIN, CLERK
BY:   s/ K Dotson
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

**JESSIE LEE SHIFFLETT**
695 Canterburg Road
Stephens City, VA

　　　　　　　　　　*Plaintiff*

v.

**STEPHANE ROUTHIER**
12612E AV
St. Come-Liniere, CN

-and-

**COUTURE EXPRESSWAY**
27 Rue Industrielle
St. Benoit Labre, CN

　　　　　　　　　　*Defendants*

Case No. 5:23cv00046

## COMPLAINT AND JURY DEMAND

　　Plaintiff Jessie Shifflett hereby files this personal injury complaint against the above-captioned Defendants and further alleges the following:

### INTRODUCTION

　　1.　　This case arises out of a severe motor vehicle collision that occurred on June 27, 2022.

### PARTIES

　　2.　　Plaintiff Jessie Shifflett ("Plaintiff" or "Mr. Shifflett,") is an adult resident of Stephens City, Virginia.

1

3.      Defendant Stephane Routhier ("Defendant" or "Mr. Routhier") is an adult resident of St. Come-Liniere, Quebec, in Canada.

4.      At all relevant times, Defendant Couture Expressway was a Canadian trucking company with its principal place of business located at 27 Rue Industrielle, St. Benoit Labre, Quebec, in Canada.

5.      At all relevant times, Defendant Couture Expressway Services was registered and authorized to make international deliveries in the United States. As such, Defendant Couture Expressway voluntarily subjected itself to suit and the jurisdiction of the United States.

6.      At all relevant times, Mr. Routhier was an agent, apparent agent, or employee of Defendant Couture Expressway Services ("Couture Expressway").

7.      At all relevant times, Mr. Routhier was acting within the scope of his employment, agency, or apparent agency with Defendant Couture Expressway.

## JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

9.      Upon information and belief, Defendant Couture Expressway conducts regular and substantial business activities within Frederick County, Virginia through its delivery of packages including by use of Interstate 81, use of distribution, and hubs within Frederick County, Virginia.

10.     Defendant Couture Expressway has sufficient minimum contacts with Virginia such that subjecting it to personal jurisdiction in Virginia does not offend traditional notions of fair play and substantial justice.

11. This Court has jurisdiction over Defendants because they caused tortious acts or omissions within this District.

12. This Court is the proper venue for this matter pursuant to 28 U.S.C § 1391(b)(2) because the cause of action arose in Frederick County, Virginia.

## FACTS

13. On June 27, 2022, at approximately 9:25 am, Mr. Shifflett was the restrained driver of a car traveling in the right westbound lane of Berryville Pike approaching the intersection of the I-81 off-ramp in Frederick County, Virginia.

14. At the same time, Mr. Routhier was the driver of a semi-truck, owned by Defendant Couture Expressway, traveling westbound on Berryville Pike, directly behind Mr. Shifflett.

15. Prior to being directly behind Mr. Shifflett and at all relevant times, Mr. Shifflett remained within Mr. Routhier's sight. This includes when Mr. Shifflett initially appeared in Mr. Routhier's left driver side mirror, proceeded to pass in front of him, and eventually came to a complete stop in front of Mr. Routhier's semi-truck.

16. Suddenly and without warning, Mr. Routhier attempted to move into the left lane, crashing into the rear of Mr. Shifflett's car.

17. Mr. Routhier knew or had reason to know that he had collided with Mr. Shifflett. Mr. Shifflett was clearly visible to Mr. Routhier prior to coming to a complete stop. Moreover, the impact of the collision caused a noticeable shake in Mr. Routhier's semi-truck, which was further evidenced by the shaking of his dashcam.

18. Mr. Routhier then attempted to flee the scene.

19. The force of the impact caused Mr. Shifflett to hit his head on the steering wheel.

20. The same day of the incident, Mr. Shifflett sought medical treatment at Winchester Medical Center, where he complained of headaches and back pain. Mr. Shifflett was diagnosed with multiple disc abnormalities in his cervical spine, including a herniated disc at C2-C3.

21. Following his initial treatment at Winchester Medical Center, Mr. Shifflett received extensive chiropractic care, which was unsuccessful in relieving his symptoms.

22. Mr. Shifflett then received significant pain management from Waheed Baksh, M.D., D.P.T., receiving multiple nerve block injections and a cervical radiofrequency ablation to his right C4, C5, and C6 nerves on October 11, 2022.

23. Unfortunately, Mr. Shifflett's pain did not subside following his pain management course of treatment, and he sought neurological treatment from Colin Haines, M.D., who recommended Mr. Shifflett receive an anterior cervical discectomy and fusion at C5-C6 and C6-C7.

24. On December 8, 2022, Dr. Haines performed cervical discectomy and fusion surgery on Mr. Shifflett, which had no complications.

25. To this day, Mr. Shifflett experiences pain, suffering, and impairment directly caused by the collision.

**COUNT I – NEGLIGENCE**
(Defendant Stephane Routhier)

26. At all relevant times, Defendant owed Plaintiff a duty to use reasonable care in controlling and operating his motor vehicle, including:

   a. Devoting full time and attention to the operation of his vehicle;

   b. Maintaining control of his vehicle;

   c. Obeying traffic control devices, signs or markers;

      d. Yielding the right of way; and

      e. Maintaining a safe speed, among other things

27. Defendant breached the above-stated duties owed to Plaintiff by driving straight into the rear of Plaintiff's vehicle and attempting to flee the scene.

28. As a direct and proximate result of Defendant's negligence, Plaintiff was severely injured and:

      a. experienced severe pain and suffering;

      b. incurred significant medical expenses;

      c. suffered mental anguish;

      d. experienced inconvenience; and

      e. lost wages and household services.

29. As a direct and proximate result of Defendant's negligence, Plaintiff will in the future:

      a. experience severe pain and suffering;

      b. incur significant medical expenses;

      c. suffer mental anguish;

      d. experience inconvenience; and

      e. lose wages and household services.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of Five Million Dollars ($5,000,000.00), plus interest, costs, and any further relief the Court deems proper.

## COUNT II – NEGLIGENCE *PER SE*
(Defendant Stephane Routhier)

30. The above paragraphs are incorporated herein by reference as though fully set forth herein.

31. The above-described collision was directly and proximately caused by Defendant's *per se* negligence.

32. Defendant's conduct was in violation of the motor vehicle laws of the Commonwealth of Virginia and Federal Motor Carrier Safety Regulations. Those violations include, but are not limited to:

   a. Driving a commercial motor vehicle when not sufficiently qualified, in violation of 49 C.F.R. § 391.11;

   b. Operating a commercial motor vehicle when his alertness was impaired, in violation of 49 C.F.R. § 392.3;

   c. Following another motor vehicle more closely than was reasonable and prudent, in violation of Virginia Code § 46.2-816;

   d. Failing to safely maintain his lane until he had ascertained that moving outside of it was safe, in violation of Virginia Code § 46.2-804(2);

   e. Driving a vehicle on a highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of Plaintiff, in violation of Va. Code Ann. § 46.2-852;

   f. Failing to immediately stop at the scene of the collision pursuant to Virginia Code § 46.2-894;

   g. Driving a vehicle which was not under proper control on any highway in the Commonwealth, in violation of Va. Code Ann. § 46.2-853; and

    h. Exceeding a reasonable speed under the circumstances and traffic conditions existing at the time, in violation of Va. Code Ann. § 46.2-861.

33. The motor vehicle laws of the Commonwealth of Virginia and Federal Motor Carrier Safety Regulations are designed to protect drivers on Virginia roads and other members of the public.

34. Plaintiff is a member of the class of persons the motor vehicle laws of the Commonwealth of Virginia and Federal Motor Carrier Safety Regulations are designed to protect.

35. By violating the above-listed motor vehicle laws of the Commonwealth of Virginia and Federal Motor Carrier Safety Regulations, Defendant breached duties owed to Plaintiff as a member of the class of persons intended to be protected by such laws.

36. As a direct and proximate result of Defendant's *per se* negligence, Plaintiff was severely injured and:

    a. experienced severe pain and suffering;

    b. incurred significant medical expenses;

    c. suffered mental anguish;

    d. experienced inconvenience; and

    e. lost wages and household services.

37. As a direct and proximate result of Defendant's *per se* negligence, Plaintiff will in the future:

    a. experience severe pain and suffering;

    b. incur significant medical expenses;

    c. suffer mental anguish;

    d. experience inconvenience; and

    e. lose wages and household services.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of Five Million Dollars ($5,000,000.00), plus interest, costs, and any further relief the Court deems proper.

### COUNT III – RESPONDEAT SUPERIOR LIABILITY
(Defendant Couture Expressway)

38. The above paragraphs are incorporated herein by reference as though fully set forth herein.

39. Defendant owed Plaintiff a duty to use reasonable care in the operation of his motor vehicle.

40. Defendant breached the duty owed to Plaintiff and was *per se* negligent as described above.

41. At all times relevant to this action, Defendant Mr. Routhier was an agent, employee, or apparent agent of Defendant Couture Expressway.

42. At all times relevant to this action, Mr. Routhier acted within the scope of his employment, agency, or apparent agency with Defendant Couture Expressway.

43. Defendant Couture Expressway is vicariously liable for the negligence, gross negligence, recklessness, and reckless indifference of its agents, apparent agents, and employees, including Mr. Routhier.

44. As a direct and proximate result of Defendant's negligence, Plaintiff was severely injured and:

    a. experienced severe pain and suffering;

    b. incurred significant medical expenses;

    c. suffered mental anguish;

    d. experienced inconvenience; and

    e. lost wages and household services.

45. As a direct and proximate result of Defendant's negligence, Plaintiff will in the future:

    a. experience severe pain and suffering;

    b. incur significant medical expenses;

    c. suffer mental anguish;

    d. experience inconvenience; and

    e. lose wages and household services.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of Five Million Dollars ($5,000,000.00), plus interest, costs, and any further relief the Court deems proper.

## COUNT IV – CORPORATE NEGLIGENCE
(Defendant Couture Expressway)

43. As Mr. Routhier's employer, Defendant Couture Expressway was responsible for his hiring, firing, investigating his background, educating him as to Federal Motor Carrier Safety Regulations (FMCSR), controlling his route, controlling the speed of his route, determining the number of stops on his route, and how long each stop was on his route.

44. At all relevant times, Defendant Couture Expressway was in constant communication with its drivers, including Mr. Routhier.

45. Because it was Mr. Routhier's employer and placed him on Virginia's roadways, Defendant Couture Expressway owed Plaintiff and other Virginia drivers a duty to use reasonable care as a trucking company including in its employment and control over Mr.

9

Routhier. These duties owed by Defendant Couture Expressway to the public included, but are not limited to:

    a. Conducting investigations and regular testing of Mr. Routhier's background and driving capabilities to ensure he was safe to drive on public roadways;

    b. Designing Mr. Routhier's routes and schedules in such a way that he was not overburdened or compelled to rush, ensuring adequate rest and safe driving as required by the FMCSA;

    c. Educating Mr. Routhier to ensure he understood FMCSA regulations and safe driving practices, including when it was necessary to stop and rest;

    d. Terminating Mr. Routhier when it became clear that his driving record and prior behavior that he was not safe to drive on public roads;

    e. Directing and designing Mr. Routhier's route such that he did not have to rush to make deliveries;

    f. Monitoring Mr. Routhier on a consistent basis to ensure his ongoing safety on public roadways; and

    g. Training Mr. Routhier to ensure that he was safe to drive on public roadways, among other things.

    46. Defendant Couture Expressway knew, or should have known, due to Mr. Routhier's inexperience, lack of education, youth, and/or prior actions, that he was likely to drive the vehicle in a negligent or reckless manner.

    47. Defendant breached the above-stated duties owed to Plaintiff.

48. Despite knowing that Mr. Routhier was unsafe to drive on public roads, Defendant Couture Expressway continued to employ Mr. Routhier and sent him on long routes without sufficient rest.

46. As a direct and proximate result of Defendant's negligence, Plaintiff was severely injured and:

    a. experienced severe pain and suffering;

    b. incurred significant medical expenses;

    c. suffered mental anguish;

    d. experienced inconvenience; and

    e. lost wages and household services.

47. As a direct and proximate result of Defendant's negligence, Plaintiff will in the future:

    a. experience severe pain and suffering;

    b. incur significant medical expenses;

    c. suffer mental anguish;

    d. experience inconvenience; and

    e. lose wages and household services.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of Five Million Dollars ($5,000,000.00), plus interest, costs, and any further relief the Court deems proper.

### COUNT V – NEGLIGENCE *PER SE*
(Defendant Couture Expressway)

48. The above paragraphs are incorporated herein by reference as though fully set forth herein.

49. The above-described collision was directly and proximately caused by Defendant's *per se* negligence.

50. Defendant's conduct was in violation of the motor vehicle laws of the Commonwealth of Virginia and Federal Motor Carrier Safety Regulations. Those violations include, but are not limited to:

   a. Requiring Mr. Routhier to drive a commercial motor vehicle when he was not sufficiently qualified, in violation of 49 C.F.R. § 391.11;

   b. Requiring Mr. Routhier to operate a commercial motor vehicle when his alertness was impaired, in violation of 49 C.F.R. § 392.3;

   c. Requiring Mr. Routhier to operate a commercial motor vehicle for longer than the FMCSA regulations permit without sufficient break time, in violation of 49 C.F.R. § 394.3.

   d. Requiring Mr. Routhier to operate a commercial motor vehicle between points in such period of time as would necessitate the vehicle being operated at speeds greater than those prescribed by Virginia law, in violation of 49 C.F.R. § 392.6.

51. The motor vehicle laws of the Commonwealth of Virginia and Federal Motor Carrier Safety Regulations are designed to protect drivers on Virginia roads and other members of the public.

52. Plaintiff is a member of the class of persons the motor vehicle laws of the Commonwealth of Virginia and Federal Motor Carrier Safety Regulations are designed to protect.

53. By violating the above-listed motor vehicle laws of the Commonwealth of Virginia and Federal Motor Carrier Safety Regulations, Defendant breached duties owed to Plaintiff as a member of the class of persons intended to be protected by such laws.

54. As a direct and proximate result of Defendant's *per se* negligence, Plaintiff was severely injured and:

   a. experienced severe pain and suffering;

   b. incurred significant medical expenses;

   c. suffered mental anguish;

   d. experienced inconvenience; and

   e. lost wages and household services.

55. As a direct and proximate result of Defendant's *per se* negligence, Plaintiff will in the future:

   a. experience severe pain and suffering;

   b. incur significant medical expenses;

   c. suffer mental anguish;

   d. experience inconvenience; and

   e. lose wages and household services.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in the amount of Five Million Dollars ($5,000,000.00), plus interest, costs, and any further relief the Court deems proper.

Respectfully submitted,

**Carroll "Beau" Correll, Jr.,** *Esq.*
Virginia Bar Number: 74789
Attorney for Plaintiff
Correll Law Firm, PC
1833 Plaza Drive
Winchester, VA 22601
Telephone: (540) 535-2005
Fax: (540) 535-2008
E-mail: beau@correllfirm.com

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury with respect to each of the allegations alleged herein.

**Carroll "Beau" Correll, Jr.,** *Esq.*
Correll Law Firm, PC