CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

November 26, 2024

LAURA A. AUSTIN, CLERK
BY: s/K. Lokey
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JESSIE LEE SHIFFLETT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:23-cv-00046 |
| STEPHANE ROUTHIER, et al., | ) By: Elizabeth K. Dillon |
| Defendants. | ) Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Jessie Lee Shifflett brings this action against defendants Stephane Routhier and Couture Expressway (Couture) seeking damages for a vehicle collision in which a tractor-trailer driven by Routhier and owned by Couture struck Shifflett's vehicle. Pending before the court are two motions: (1) Shifflett's motion for leave to amend his complaint (Dkt. No. 53), and (2) Shifflett's motion to supplement the record to include additional information in support of Shifflett's motion for leave to amend (Dkt. No. 71). The court will grant Shifflett's motion to supplement the record and considers all related filings in its decision below. For the reasons that follow, the court will deny Shifflett's motion for leave to file an amended complaint.

I.   BACKGROUND

**A.  Procedural History**

Shifflett filed his initial complaint with the court on July 20, 2023, alleging five claims against defendants after suffering injuries from an auto accident that occurred on June 27, 2022: (I) Negligence against Routhier, (II) Negligence Per Se against Routhier, (III) Respondeat Superior Liability against Couture, (IV) Corporate Negligence against Couture, and (V) Negligence Per Se against Couture. (Dkt. No. 1.) Defendants moved to dismiss counts II, IV,

and V for failure to state a claim for which relief can be granted. (Dkt. No. 10.) After full briefing and a hearing on the matter, this court ruled from the bench on January 17, 2024, denying dismissal as to count II against Routhier, but granting the dismissal of counts IV and V against Couture, without prejudice. (Dkt. No. 28.)

On August 20, 2024, Shifflett filed a motion for leave to amend his complaint, "to add more detail to its factual allegations, and to replead its corporate negligence counts that this [c]ourt previously dismissed." (Dkt. No. 53, at 1.) In addition to the three counts remaining after the court's ruling on the motion to dismiss, Shifflett alleges two corporate negligence claims against Couture that are labeled as: Count (IV)(A) Negligence/Negligence Per Se, and Count (IV)(B) Negligent Retention.[1] (Am. Compl. at 16–22, Dkt. No. 53-1.) Defendants filed a response in opposition to Shifflett's motion for leave to amend, arguing that even accepting the allegations in the amended complaint as true, the additional negligence claims are futile. (Dkt. No. 58.) Shifflett filed a reply brief addressing defendants' arguments. (Dkt. No. 60) In addition, on October 21, 2024, Shifflett filed a motion to supplement the record to include additional information in support of his motion for leave to amend the complaint. (Dkt. No. 71.) Defendants responded in opposition (Dkt. No. 73), and Shifflett filed a reply addressing defendants' arguments (Dkt. No. 74.) Both matters are fully briefed and ripe for resolution.

---

[1] The court notes that Couture is not challenging the sufficiency of Shifflett's "Respondeat Superior Liability" claim against it in Count III. Furthermore, Couture "throughout has admitted that it employed Mr. Routhier and that Mr. Routhier was acting within the scope of his employment when the incident occurred." (Dkt. No. 58, at 1–2.) The Fourth Circuit recognizes that a plaintiff "may not receive a double recovery under different legal theories for the same injury." *Ward v. AutoZoners, LLC*, 958 F.3d 254, 271 (4th Cir. 2020) (citing *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 460 (4th Cir. 2011)).

2

B. **Shifflett's Factual Allegations**[2]

On June 27, 2022, a tractor-trailer being driven by Routhier rear-ended a car being driven by Shifflett. Shifflett had been driving behind Routhier in the right westbound lane of Berryville Pike approaching the intersection of the I-81 off-ramp in Frederick County, Virginia. He then decided to pass in front of Routhier and did so without incident before coming to a complete stop in front of Routhier's tractor-trailer. Routhier could see the rear tires of Shifflett's car in front of him, but he moved his tractor-trailer closer to the back of Shifflett's car, "recklessly creating a hazardous condition." (Am. Compl. ¶¶ 13–19.) Routhier then attempted to move into the left lane but ended up rear-ending the back of Shifflett's car. On October 17, 2023, Routhier pled guilty to Improper Driving in violation of Virginia Code Ann. § 46.2-869. (*Id.* ¶¶ 20–23.) Shifflett suffered a variety of injuries and still experiences pain, suffering, and impairment as a result of the collision. (*Id.* ¶¶ 28–34.)

Routhier was driving a tractor-trailer owned by Couture, and at all relevant times, he was acting within the scope of his employment with Couture. (*Id.* ¶¶ 7, 14.) Shifflett alleges that Couture knew that Routhier was an unsafe driver, ignored prior warnings about his unsafe driving, and never addressed Routhier's unsafe driving habits with him. (*Id.* ¶¶ 24, 56–63.) "By intentionally ignoring Mr. Routhier's unsafe driving habits, Couture allowed Mr. Routhier to risk the lives of others on the highways, which led to the collision with [Shifflett]." (*Id.* ¶ 66.) Shifflett alleges that Couture employed an electronic monitoring system for all its vehicles that had the ability to communicate alerts and warnings to both Couture and its drivers in real time. Couture configured its system to receive alerts when its drivers engaged in unsafe driving habits, such as excessive speeding. Couture decided not to send those alerts to its drivers, including

---

[2] The factual allegations in this section are taken from Shifflett's proposed amended complaint because those are the operative allegations to consider regarding these motions. (Am. Compl., Dkt. No. 53-1.)

Routhier. (*Id.* ¶¶ 46–53.) "By failing to implement alerts for its drivers, Couture eliminated a primary safety feature of its [driver monitoring] systems." (*Id.* ¶ 54.) Furthermore, Couture's safety director received so many alerts and notifications from its drivers that she had to ignore them to get any work done. (*Id.* ¶ 61.)

Shifflett alleges that the electronic monitoring system informed Couture of Routhier's unsafe driving, specifically in relation to his excessive speeding, including multiple instances of driving 10 mph over the speed limit on the day of the collision. (*Id.* ¶¶ 56–57.) By ignoring these warnings and choosing not to notify Couture's drivers, the company was negligent per se in violation of The Federal Motor Carrier Safety Administration Regulations (FMCSRs). (*Id.* ¶¶ 114–28.) Furthermore, Shifflett asserts that Routhier's habitual speeding made it foreseeable to Couture that a crash was imminent. Despite this, they chose not to address the behavior and continued to employ him. (*Id.* ¶¶ 129–41.) It was not until a second collision, shortly after the one at issue, before Couture fired Routhier for his unsafe driving. (*Id.* ¶¶ 64, 137.)

While not alleged in the proposed amended complaint, the court takes notice of and considers the video evidence considered by the court by agreement of all parties at its hearing on the first motion to dismiss. (Dkt. Nos. 16 and 27.) The video establishes that Routhier was traveling at a low rate of speed at the time of this collision. Furthermore, Shifflett does not allege otherwise.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." *Id.* "Despite this general rule liberally allowing amendments, . . . a district court may deny leave to amend if the

4

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)) (internal quotations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Traditionally, an amendment is futile if it is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). And "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This standard "requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In determining whether the plaintiff has met this plausibility standard, the court must accept as true all well-pleaded facts in the complaint and any documents incorporated into or

5

attached to it. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Further, it must "draw[] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

### III. DISCUSSION

Shifflett has filed a motion for leave to amend his complaint to add more detail to the factual allegations and replead the corporate negligence claims that this court previously dismissed. (Dkt. No. 53, at 3.) In addition, Shifflett filed a motion to supplement the record to include additional information in support of his motion for leave to amend.[3] (Dkt. No. 71.) There are two claims at issue in the pending motions: (A) Shifflett's corporate negligence/negligence per se claim against Couture, and (B) Shifflett's negligent retention claim against Couture. The court will deny Shifflett's motion for leave to amend his complaint because both claims are futile. Each claim's analysis is discussed in turn.

**A. Shifflett's Corporate Negligence/Negligence Per Se Claim Against Couture is Futile.**

Shifflett contends that under 49 C.F.R. § 390.11 and 49 C.F.R. § 392.2, Couture has an affirmative duty to ensure that its drivers follow the FMCSRs. (Dkt. No. 53, at 4.) He alleges that Couture consciously ignored this duty, when it knew its truck driver, Routhier, routinely engaged in unsafe driving but took no action to address his behavior. (*See generally* Am. Compl.) Shifflett alleges that Couture knew of Routhier's unsafe driving because it received excessive speeding notifications through its internal driver monitoring system (Isaac

---

[3] The court will grant this motion (Dkt. No. 71) and has considered all related filings in its analysis below.

6

Instruments). Excessive speeding is a violation of the FMCSRs. As such, Shifflett alleges that Couture is negligent per se. (*Id.* ¶¶ 129–41.)

"There is widespread consensus among federal district courts that there is no federal private right of action allowing personal injury or wrongful death plaintiffs to hold defendants liable for violations of the FMCSR[s]." *Dippel v. BestDrive, LLC*, No. 3:19-cv-01135, 2020 WL 813971, *8–9 (S.D. Ill. Feb. 19, 2020) (internal citations omitted). As the court discusses below, however, the fact that the FMCSRs do not contain a private cause of action does not preclude a plaintiff from using a particular section of the FMCSRs to plead a negligence per se claim, if that section otherwise can support such a claim. Under Virginia law, "the requirements for proving a claim of negligence per se are well established." *Halterman v. Radisson Hotel Corp.*, 523 S.E.2d 823, 825 (Va. 2000). A plaintiff must prove: (1) that the defendant violated a statute that was enacted for public safety; (2) that the plaintiff belongs to the class of persons for whose benefit the statute was designed to protect; (3) that the harm that occurred was the type the statute was designed to protect; and (4) that the statutory violation was a proximate cause of his injury. *Id.*

With respect to the first prong, "the violation of a statute does not, by that very fact alone, constitute actionable negligence or make the guilty party negligent per se." *Parker v. Carilion Clinic*, 819 S.E.2d 809, 824 (Va. 2018) (citing *Williamson v. Old Brogue, Inc.*, 350 S.E.2d 621, 264 (Va. 1986)). "[A] statute may define the standard of care to be exercised where there is an *underlying common-law duty*, but the doctrine of negligence per se does not create a cause of action where none otherwise exists." *Id.* (citing *Williamson*, 350 S.E.2d at 624). "The absence of an underlying common-law duty renders the presence of a statutory standard of care irrelevant." *Id.*

7

Shifflett's negligence per se claim fails on two grounds. First, the FMCSRs upon which Shifflett relies do not support a negligence per se claim, so his claim against Couture fails as a matter of law. Second, even if the FMCSRs mentioned did support a negligence per se claim against Couture, Shifflett fails to adequately allege the causation element required for any negligence claim.[4]

### 1. FMCSRs § 390.11 and § 392.2 Do Not Support a Negligence Per Se Claim.

Shifflett alleges that Couture was negligent per se by violating its duties under § 390.11 of the FMCSRs. As relevant here, that regulation states:

> Whenever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound.

49 C.F.R. § 390.11.

Shifflett attempts to rely on *McKeown v. Rahim*, 446 F. Supp. 3d 69 (W.D. Va. 2020) to add § 390.11 of the FMCSRs to the list of regulations satisfying the first prong of a negligence per se action, but his reliance is misplaced.[5] In *McKeown*, this court noted the FMCSA

---

[4] It is unclear if Shifflett is bringing a separate "Negligence" claim against Couture. In the amended complaint, Shifflett labels Count IV as "Corporate Negligence" with two subclaims – (A) Negligence/Negligence Per Se, and (B) Negligent Retention. (*See* Am. Compl.) Defendants were also confused as to exactly what Shifflett was alleging in his amended complaint. (*See* Dkt. No. 58.) In his reply to defendant's response in opposition, Shifflett indicates that he is pleading "both general negligence and negligence per se" against defendant Couture. (Dkt. No. 60, at 2.) Although the court only addresses the negligence per se claim in this section, any "general negligence" claim against Couture also fails because Shifflett has failed to sufficiently allege causation. (*See* discussion *infra* Section III.A.2.)

[5] Shifflett also cites to two additional cases, but they are not particularly relevant to the circumstances of this case. First, he mentions *Sentry Select Ins. Co. v. Drought Transp., LLC*, 2017 WL 5382168, at *2 (W.D. Tex. May 3, 2017), noting, "a motor carrier has a duty under 49 C.F.R. § 390.11 to require its drivers to observe duties or prohibitions prescribed to a driver under 49 C.F.R. Subchapter B. Accordingly, if a motor carrier fails to enforce those duties, it may be liable for its own negligence in failure to follow the FMCSR." However, that case did not involve a negligence per se claim, and furthermore, the plaintiff was not alleging a claim under § 390.11. Second, Shifflett attempts to rely on *Paul v. Western Express, Inc.*, No. 6:20-cv-00051, No. 6:20-cv-00052, 2021 WL 1259446, *1 (W.D. Va. April 6, 2021). In *Paul*, the court found that the motor carrier had a "general duty to exercise due care to avoid injuring members of the public sharing the roadways with its trucks." *Id.* at *3 (internal citation omitted). It then noted that, "FMCSR § 390.11 defines that standard of care by making it the 'duty of the

regulations are "the type [] that may form the basis of a negligence per se claim in Virginia." *Id.* at 76. However, although the court found that the plaintiffs plausibly alleged a negligence per se action in relation to a violation of § 396.3, it failed to plausibly allege another negligence per se action under § 390.13. *Id.* at 76–77. The court noted that § 396.3 imposed "[a] requirement that motor carriers keep their vehicles in safe working order, specifically emphasizing the maintenance of parts that affect the safety of operation, suggests that this regulation was intended to protect members of the driving public, including the [plaintiffs], from unsafe commercial vehicles like [defendants]." *Id.* at 76. But the court found that § 390.18, "which addresses only aiding and abetting violations of the FMCSRs, was [not] enacted for public safety." *Id.* at 77. Rather, it was "intended only to promote compliance with the regulatory scheme." *Id.* Similarly, the court finds that § 390.11 only promotes compliance.

"[C]ertain aspects of the FMCSR are not aimed at protecting the driving public, and courts have considered on a case-by-case basis whether the specific regulation can support a negligence per se claim." *Conway v. Lone Star Transp., LLC*, No. 19-cv-0658, 2020 WL 609750, at *4 (N.D. Okla., Feb. 7, 2020). The court cannot say that § 390.11, which is located directly before § 390.13 within Subpart B—General Requirements and Information of the FMCSRs—was enacted for public safety. Rather, this specific regulation, like § 390.13 in *McKeown*, is intended to promote compliance with the regulatory scheme. *McKeown*, 446 F. Supp. 3d at 77; *see also Ellis v. Klawonn*, No. 4:21-cv-00977, 2023 WL 3993043, at *5 (E.D. Tex. June 8, 2023) ("At most, FMCSR § 390.11 imposes a *duty* on both the driver and carrier, but it does not impose any particular standard of care; because a statute must impose a *standard*

---

motor carrier to require' its drivers to observe the duties or prohibitions that the FMCSRs impose on them." *Id.* However, Paul did not involve a negligence per se action but "direct negligence claims." *Id.* at 3–4. The court is unwilling to extend *Paul* to negligence per se claims.

9

*of care* higher than ordinary negligence, § 390.11's command as to who has a duty rather than the standard for breach of that duty means Plaintiffs' negligence per se claim fails as a matter of law."). As such, Shifflett's negligence per se claim alleged under § 390.11 fails as a matter of law.

Shifflett also alleges that Couture was negligent per se by violating its duties under § 392.2 of the FMCSRs. As relevant here, that regulation states:

> Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.

49 C.F.R. § 392.2. Federal district courts across the country have held that § 392.2 does not establish an independent duty. *See Conway*, 2020 WL 609750, at *5 (granting defendant's motion to dismiss negligence per se claim because "49 C.F.R. 392.2 is too vague to meet the positive objective standard test under Oklahoma and Texas law"); *Estate of James v. Weigele*, No. 1:14-cv-4027, 2015 WL 12683822, at *4 n.6 (N.D. Ga. Aug. 13, 2015) ("[§ 392.2] does not impose a specific duty and does not provide any indication of the class of persons to be protected or the harms to be prevented. Rather, the regulation states that all operators of motor vehicles must comply with the laws of the jurisdiction in which the motor vehicle is being operated. Because of its overly broad terms, the plaintiffs cannot rely on this regulation to set out a case for negligence per se."). Here, the court holds the same. Thus, Shifflett's negligence per se claim alleged under § 392.2 fails as a matter of law.

### 2. Shifflett Fails to Sufficiently Allege Causation.

Even if FMCSRs § 390.11 and/or § 392.2 could support a negligence per se claim, Shifflett's claim would fail because he has not sufficiently alleged that the statutory violation

10

was the proximate cause of his injury.  *See Halterman,* 523 S.E.2d at 825; *see also Talley v. Danek Med., Inc.*, 179 F.3d 154, 158–59 (4th Cir. 1999) ("Virginia law makes clear that a plaintiff who has established breach by relying on negligence per se must also establish the other elements of a negligence claim in order to prevail. . . .   The plaintiff must also show that the breach of duty was a proximate cause of the plaintiff's injury." (citing *Bentley v. Felts*, 445 S.E.2d 131, 133 (Va. 1994))).

Shifflett alleges that "[t]hrough its Isaac Instruments systems, Defendant Couture Expressway knew that defendant Routhier routinely was engaged in unsafe driving behaviors, including at least regularly speeding on the highways each day of his employment with Couture."  (Am. Compl. ¶ 99.)  Furthermore, Couture had the ability to communicate that unsafe behavior to Routhier, through the monitoring system and voluntarily chose not to.  (*Id.* ¶¶ 101–28.)  Shifflett alleges a series of incidents where Routhier was traveling at excess speeds, including "numerous occasions" of traveling over 10 mph on the day of the collision.  (*Id.* ¶¶ 56–59, 99, 112, 118, 125, 127, 130, 137.)  He claims that these instances should have warned Couture that Routhier was an unsafe driver and that it was foreseeable that Routhier was going to be involved in a traffic accident.  (*Id.* ¶ 136.)  However, according to the allegations in the amended complaint and the video, this accident did not involve speeding.  In fact, the amended complaint states that Routhier "engaged in an improper lane change" and was cited for "Improper Driving."[6]  (*Id.* ¶¶ 21, 23.)  At bottom, speeding is not alleged to be the proximate

---

[6] The amended complaint specifically mentioned that "Routhier pled guilty to Improper Driving in violation of Virginia Code § 46.2-869."  (Am. Compl. ¶ 23.)  That code reads: "Notwithstanding the foregoing provisions of this article, upon the trial of any person charged with reckless driving where the *degree of culpability is slight*, the court in its discretion may find the accused not guilty of reckless driving but guilty of improper driving. However, an attorney for the Commonwealth may reduce a charge of reckless driving to improper driving at any time prior to the court's decision and shall notify the court of such change. Improper driving shall be punishable as a traffic infraction punishable by a fine of not more than $500."  Va. Code Ann. § 46.2-869. (emphasis added.)

11

cause of Shifflett's injury.  Furthermore, general allegations of "unsafe driving" do not amount to a sufficient pleading of causation in a negligence per se claim.  Even accepting all well-pleaded factual allegations in Shifflett's amended complaint as true, and drawing all factual inferences in his favor, the court finds that he has not sufficiently alleged the causation element of his negligence per se claim against Couture.  The court will deny Shifflett's motion for leave to amend, as it pertains to this claim, because the amendment would be futile.

**B.  Shifflett's Negligent Retention Claim Against Couture is Futile.**

Shifflett argues that the allegations of speeding on the day of the collision and other days, as evidenced in Couture's telemetry data, put the company on notice of Routhier's unsafe driving behavior and made it foreseeable "that injury was near certainty."  (Reply Mem. Supp. Mot. Dismiss 12, Dkt. No. 60.)  He cites to a 2014 government report that "determined speeding and not wearing a seatbelt were behavioral characteristics most closely related to truck drivers being involved in a crash." (Am. Compl. ¶ 119.)  The amended complaint alleges that Couture's safety director ignored Routhier's excessive speeding alerts and failed to take any action to address his "constant[] unsafe driving." (*Id.* ¶¶ 137–39.)  Furthermore, it was foreseeable to Couture that Routhier's driving behaviors would result in a crash. (*Id.* ¶ 136.)  As such, Shifflett alleges Couture negligently retained Routhier as its employee.  (*Id.* ¶¶ 129–41.)

"A claim for negligent retention exists 'for harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm [others].'"  *Doe ex rel. Doe v. Baker*, 857 S.E.2d 573, 582 (Va. 2021) (citing *Southeast Apartments Mgmt. v. Jackman*, 513 S.E.2d 395, 397 (Va. 1999)).  "The negligent retention tort requires a showing that *the risk of future harm was so grave that discharging the dangerous employee would have been the only reasonable response.*" *Id.* (citing

*A.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 474 (Va. 2019)). "[A] prima facie case of negligent retention requires an amplified showing that both the nature and gravity of the risk render unreasonable any mitigating response short of termination." *A.H.*, 831 S.E.2d at 474.

Shifflett fails to sufficiently allege a negligent retention claim against Couture for two reasons: (1) there is no causation, and (2) even if there was, there is no showing that the risk of future harm was so grave that discharging Routhier would have been the only reasonable response. First, Shifflett fails to sufficiently allege causation for the same reasons discussed in Section III.A.2 *supra*. The Fourth Circuit has made clear, "[t]he harm suffered by the plaintiff must be a foreseeable result of the negligent retention." *Alford v. Martin & Gass, Inc.*, 391 F. App'x 296, 305 (4th Cir. 2010) (internal citation omitted) (affirming dismissal of negligent retention claim based on the employee's prior physical altercation when the suit was about a racially-motivated offense); *see also Harrison v. Edison Bros. Apparel Stores, Inc.*, 814 F. Supp. 457, 463–64 (M.D.N.C. 1993) ("[T]o succeed on a negligent retention claim, as on any negligence claim, an injured plaintiff must prove a causal connection between his or her injury and the tortious conduct of the defendant."). Completely lacking in this case is a causal relationship between the factual allegations of unsafe driving—primarily excessive speeding—and the rear-end collision at issue.

Second, even if the allegations of unsafe driving mentioned in the amended complaint were sufficient to allege causation, the factual allegations do not support a finding that "the risk of future harm was so grave that discharging the dangerous employee would have been the only reasonable response." *Doe*, 857 S.E.2d at 582. The amended complete contains vague allegations of unsafe driving, with only one specific mention of just how fast over the speed limit Routhier was going. (Am. Compl. ¶ 57 ("On the day of the collision, Defendant Routhier was

13

speeding more than 10 miles per hour above the applicable speed limit on numerous occasions.").)  Shifflett extensively mentions the driver monitoring system that Couture implemented and how it ignored notifications of Routhier's unsafe driving.  However, most all mentions of excessive speed are vague allegations that do not mention how fast over the speed limit Routhier was going—if he was going over the speed limit at all.  Shifflett cites to several cases to support his negligent retention claim against Couture, but all involve very different facts than the ones alleged in his amended complaint.  The court need not extensively address all those cases in detail but notes key differences in the present case.  Notably, there is no allegation that Routhier ever received a traffic citation of any kind before the day of the incident.  Furthermore, there is no allegation of any unfavorable ratings issued by FMCSA against Routhier or Couture.  Finally, Shifflett mentions no case law that supports the conclusion that the factual allegations in his amended complaint sufficiently pleading a negligent retention claim against Couture.  His argument rests solely on an internal monitoring system that Couture had no obligation to have, let alone operate in any specific way.  Even accepting that Routhier routinely engaged in excessive speeding and exhibited other unsafe driving behaviors, the court finds insufficient allegations to plausibly conclude that the behaviors amounted to a "risk of future harm [] so grave that discharging [him] would have been the only reasonable response."  *Doe*, 857 S.E.2d at 582.  As such, even accepting all well-pleaded factual allegations in Shifflett's amended complaint as true, and drawing all factual inferences in his favor, the court finds that Shifflett fails to plausibly state a negligent retention claim against Couture.

## IV.  CONCLUSION

Shifflett's motion to supplement the record in support of his motion for leave to file his first amended complaint will be granted.  Because Shifflett's additional claims against Couture—Negligence/Negligence Per Se and Negligent Retention—would fail to survive a motion to dismiss, granting him leave to amend would be futile.  Therefore, Shifflett's motion for leave to file a first amended complaint will be denied.

An appropriate order will issue.

Entered: November 26, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge