IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

March 10, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

| | |
|---|---|
| JESSIE LEE SHIFFLETT, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 5:23-cv-00046 |
| STEPHANE ROUTHIER, et al., | ) By: Elizabeth K. Dillon |
|     Defendants. | )     Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is plaintiff Jessie Lee Shifflett's objections to U.S. Magistrate Judge Joel C. Hoppe's order (Order, Dkt. No. 114) regarding a subpoena issued to Shifflett's expert witness, Dr. Colin Haines, M.D. (Pl. Obj., Dkt. No. 124.) Specifically, Shifflett argues that Judge Hoppe's order (1) improperly enforces an untimely subpoena, and (2) improperly requires disclosure of communications between Shifflett's counsel and Dr. Haines. For the reasons that follow, the court will overrule Shifflett's objections and affirm Judge Hoppe's order.

I.    BACKGROUND

On September 9, 2024, Shifflett filed a notice identifying the expert witnesses that he may call to testify at trial, in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedures. (Dkt. No. 59.) Among the individuals disclosed on that list is Dr. Haines. (Dkt. No. 59-1 at 3.) On October 21, 2024, defendants deposed Dr. Haines. During the deposition, when questioned about the studies supporting his expert opinion and how he obtained them, Dr. Haines testified that he could not remember whether the studies were given to him or if he had looked them up himself. Suspecting that Shifflett's counsel provided Dr. Haines with studies to support his expert opinion, defendants issued a subpoena to Dr. Haines on October 28, 2024, requesting

all correspondence between him and Shifflett's counsel in which he was "provided any study that is cited or on which [he relies] in support of any of [his] opinions in [his] expert report(s)." (Subpoena 7, Dkt. No. 124-1.) Production of these documents was requested by November 25, 2024. (*Id.* at 4.)

On November 22, 2024, defendants' counsel emailed a letter to Dr. Haines informing him that no motion to quash had been filed and requesting production of the documents in response to the subpoena. (*See* Dkt. No. 125-1.) Shifflett's counsel was copied on the email and replied saying, "There is no obligation to respond to an untimely discovery request. Nothing further will [be] produced in response to this defective subpoena." (*Id.* at 2.) At the time the subpoena was issued, the deadline to complete discovery was October 31, 2024.[1] (*See* Dkt. No. 49.)

The matter was brought to Judge Hoppe's attention, with the defendants submitting a letter on December 4, 2024, explaining both parties' positions on the discovery matter. (*See* Dkt. No. 109.) A hearing was held on December 5, 2024, and Judge Hoppe issued an order the next day requiring Dr. Haines to submit *ex parte* the correspondence in question to him for *in camera* review. (Dkt. No. 112.) Judge Hoppe interpreted the documents request as coextensive with Rule 26(b)(4)(C)(ii) of the Federal Rules of Civil Procedure. (Dkt. No. 112 at 1.) He also instructed Shifflett's counsel to submit *ex parte* "the same correspondence with redactions of any mental impressions or attorney opinion work product." (*Id.*) The materials were submitted to

---

[1] In the Amended Pretrial Scheduling Order, the deadline to complete discovery was set to be "95 days before trial." (*See* Dkt. No. 38.) At the time the scheduling order was issued, trial was scheduled for January 23–24, 2025, meaning discovery was to be completed by October 20, 2024. Subsequently, the parties filed a joint motion to modify the scheduling order, requesting an extension of the discovery deadline to October 31, 2024, which the court granted. (Dkt No. 49.)

Although defendants issued the subpoena three days before the amended discovery deadline, the production of the documents was not required until November 25, 2024, which is after the discovery deadline. As such, the subpoena does not comply with the established discovery completion deadline, as the response was due after October 31, 2024.

The court notes that trial has since been rescheduled and set for July 22–24, 2025. (Dkt. No. 127.) There have been no further modifications to the scheduling order or discovery deadlines.

2

Judge Hoppe who issued an order on December 16, 2024, allowing some of Shifflett's redactions to stand but finding that counsel "over-redacted the communication so as to exclude the identification of facts and data considered by Dr. Haines." (Order 2.) Judge Hoppe instructed Shifflett to remove certain redactions and provide the requested documents to the defendants. (*Id.*) On December 30, 2024, Shifflett filed objections to Judge Hoppe's discovery ruling pursuant to Fed. R. Civ. P. 72. (Pl. Obj.)

## II. LEGAL STANDARD

To seek review of a magistrate judge's order on a referred non-dispositive matter, a party must object to the order within fourteen days. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). The district court must consider any timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence" or to "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cnty., Md.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010) (internal citations omitted). Rather, "[a] finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). "An order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *United States v.*

3

*Williams*, 736 F. Supp. 3d 400, 403–04 (W.D. Va. 2024) (quoting *In re Eli Lilly & Co.*, 580 F. Supp. 3d 334, 337 (E.D. Va. 2022)).

"The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2019) (citing *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D.Va. 2010)). "The objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling in a discovery matter." *Philpott v. Virginia DOT*, No. 7:21-CV-00274, 2022 WL 3359361, at *2 (W.D. Va. Aug. 15, 2022); *see also* 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3069 (3d ed. 2024) (explaining that review of a magistrate's discovery ruling "might better be characterized as suitable for an abuse-of-discretion analysis").

## III. DISCUSSION

Shifflett objects to Judge Hoppe's December 16, 2024 order on two grounds. First, he argues that Judge Hoppe's order improperly enforces an untimely subpoena, as it had a response date of November 25, 2024—25 days after the discovery deadline. Second, he argues that the order improperly requires disclosure of communications between Shifflett's counsel and Dr. Haines. The court need not address either of Shifflett's arguments because it finds that Shifflett and Dr. Haines waived any objection they might have had by failing to file a timely objection to the subpoena pursuant to Fed. R. Civ. P. 45. Even if the objection was not waived, the court finds that Judge Hoppe's order contains no clear error and was issued in accordance with the applicable law.

**A. Shifflett Failed to Challenge the Subpoena in a Timely Manner.**

Under Rule 45, "[a] person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials." Fed. R. Civ. P. 45(d)(2)(B). "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* "Ordinarily, the failure to make timely objection to a subpoena duces tecum pursuant to this rule will waive any objection." *In re Motorsports Merchandise Antitrust Litig.*, 186 F.R.D. 344, 349 (W.D. Va. 1999) (citing other district courts holding the same); *see also Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 441 (E.D. Va. 2018) ("Normally, failure to object timely waives any objection, including privilege."). "In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections." *Id.* (citations omitted) Courts have found unusual circumstances where: (1) a subpoena is overbroad on its face, (2) a subpoena would impose significant expense on a nonparty acting in good faith, or (3) there was contact between counsel for the subpoenaed party and the subpoenaing party prior to the challenge to the subpoena. *Id.* (citations omitted).

Shifflett failed to timely object to the subpoena pursuant to Rule 45 and, as a result, has waived any objections. Defendants issued the subpoena to Dr. Haines on October 28, 2024, three days before the discovery deadline. Under Rule 45, Shifflett had 14 days to object to the subpoena but failed to do so. Instead, it was not until November 22, 2024, when defendants emailed Dr. Haines, that Shifflett's counsel claimed they were under "no obligation to respond." Shifflett argues that no action was required on his part because the subpoena was invalid on its face, as it did not comply with the discovery deadline. (*See* Pl. Obj. 4–7.) He further contends

5

that it was the defendants' responsibility to file a motion demonstrating both "good cause" and "excusable neglect" for their own untimely filing. (*Id.* at 4–5.)

However, even assuming that Shifflett's arguments have merit, he provides no case law, nor is the court aware of any, supporting the notion that a party may simply ignore a subpoena issued in violation of a discovery deadline without filing an objection or motion to quash.[2] There are plenty of cases where a subpoena issued outside the discovery deadline is timely challenged by the subpoenaed party and the court grants the motion. *See, e.g.*, *Hesed El v. Bryson*, No. 1:21-CV-00305, 2024 WL 3240666, at *2 (W.D.N.C. June 27, 2024) (quashing subpoena issued nearly three months after the close of discovery); *Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 1:11-MC-45, 2011 WL 6151479, at *2 (M.D.N.C. Dec. 12, 2011) (quashing subpoena issued over three months after the close of discovery). However, in this case, Shifflett did not file an objection or motion to quash the subpoena. Instead, he ignored the subpoena entirely and instructed Dr. Haines to do the same. "[T]he failure to make timely objection to a subpoena duces tecum . . . will waive any objection." *In re Motorsports*, 186 F.R.D. at 349. As such, this court construes Shifflett's silence as a waiver to any potential objection he may have had.

Furthermore, Shifflett neither argues nor do the facts demonstrate that any of the three unusual circumstances warranting consideration of untimely objections are present. The subpoena is not overbroad, it does not impose significant expense on a nonparty acting in good faith, nor was there any prior communication between Shifflett and defendants, prior to the

---

[2] Under Rule 45, a party may file a timely motion to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3). Shifflett has made no such filing with the court.

challenge of the subpoena, indicating good cause to excuse the untimeliness of the objection.[3]

As such, the court finds that Shifflett has waived any protentional objections to the subpoena.

**B. The Magistrate Judge's Order Contains No Clear Error.**

Turning to the magistrate judge's December 16, 2024 order, the court finds no clear error and affirms the order in its entirety. Judge Hoppe found, and this court agrees, that the subpoena request is consistent with Fed. R. Civ. P. 26(b)(4)(C)(ii), which states that communications between an attorney and expert witness that "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed" are not protected. (*See* Order.) Additionally, after reviewing the documents, the court finds that the redactions appropriately protect the privileged communications between Shifflett's counsel and Dr. Haines, while disclosing the requested information pursuant to Rule 26(b)(4)(C)(ii). The Fourth Circuit has consistently noted that "broad discretion [is] accorded to district courts to supervise discovery . . . as part of their case-management authority. " *Carmona v. Martin*, No. 23-6930, 2024 WL 4490695, at *1 (4th Cir. Oct. 15, 2024) (citing *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023)). Furthermore, the "decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *Stone*, 356 F. Supp. 3d at 511. The court finds that Judge Hoppe's order is consistent with the law and contains no clear error. As such, Shifflett's objections are overruled and the December 16, 2024 order is affirmed in its entirety.[4]

---

[3] There was email correspondence between the parties on November 22, 2024, regarding the matter. However, the emails did not reflect any attempt by the parties to resolve the issue between themselves, nor did it suggest that Shifflett would file an objection to the court or motion to quash. Instead, the email from Shifflett's counsel indicated that Dr. Haines had no intention of responding to the subpoena and believed he was under no obligation to do so. (Dkt. No. 125-1.)

[4] In their brief, defendants request that the documents in question be produced without redaction "[i]f the Court finds that Plaintiff waived [] assertions of privilege because Plaintiff failed to object to the subpoena, failed to move to quash the subpoena, and failed to move for a protective order." (Dkt. No. 125 at 7.) However, this issue is not before the court because defendants did not object to the magistrate judge's order. As such, the court will not address it. The documents are to be produced in accordance with Judge Hoppe's order.

7

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ordered that Shifflett's objections to U.S. Magistrate Judge Joel C. Hoppe's order regarding a subpoena issued to Shifflett's expert witness, Dr. Colin Haines, M.D. (Dkt. No. 124) is OVERRULED, and Judge Hoppe's Order (Dkt. No. 114) is AFFIRMED.

The clerk is directed to provide copies of this memorandum opinion and order to all counsel of record.

Entered: March 10, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge